THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BEATRICE ROBERSON, as Independent Administrator of the Estate of Jemel Roberson, | ) ) ) ) | |
| Plaintiff, | ) ) | 18-cv-7476 |
| v. | ) ) | Honorable Joan H. Lefkow |
| THE VILLAGE OF MIDLOTHIAN, and OFFICER IAN COVEY, individually, | ) ) ) ) ) | |
| Defendants. | ) | |

**NON–PARTY ILLINOIS STATE POLICE'S
RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS**

The Illinois State Police ("ISP"), a non-party, responds to Plaintiff's Motion for Sanctions ("Motion") (Ex. A) as follows:

**INTRODUCTION**

Plaintiff's Motion for Sanctions, which asks this Court to find ISP in contempt for failing to comply with this Court's January 2nd, 2019, Order ("Order"), is based on Plaintiff's counsel's gross misrepresentations of the record. Plaintiff's contention that ISP "did not ask for an extension to quash or respond but to 'comply'" with his subpoena (Ex. A ¶ 5)[1] is incorrect. Furthermore, ISP substantially

---

[1] Plaintiff also argues that ISP waived its law enforcement investigative privilege. (Ex. A ¶ 14.) ISP asserted this privilege in its Motion to Stay. (Ex. B.) The parties are briefing that motion separately. (Dkt. 36.) ISP will address any waiver arguments in its reply brief to its Motion to Stay. Thus, whether ISP waived this privilege should not be considered in ruling on Plaintiff's Motion.

complied with the Order, which extended ISP's deadline to respond to Plaintiff's subpoena to January 4th, 2019. (Ex. C.)

Before responding to Plaintiff's subpoena, ISP timely asked the Court to extend the deadline for it to respond to Plaintiff's subpoena to January 4th, 2019. (Ex. D.) Shortly thereafter, Plaintiff filed his motion to compel ISP to respond to the subpoena. (Ex. E.) On January 2nd, 2019, the Court granted ISP's motion for an extension of time to respond to the subpoena. (Ex. C.) The Order, however, also granted Plaintiff's motion to compel, in part. *Id.* Plaintiff's motion to compel asked the Court to a) deny ISP's motion for an extension of time to respond to the subpoena; b) order ISP to identify Officer John Doe; c) produce any videos; d) identify any witnesses; and e) pay attorneys' fees and costs. (Ex. E.) But ISP could not respond to Plaintiff's subpoena in accordance with Fed. R. Civ. P. 45(d), by asserting the law enforcement investigative privilege, *and* at the same time disclose parts of its investigation file.

The Order is ambiguous, and ISP was justified when it produced a privilege log asserting the law enforcement investigative privilege, among other objections, with a supporting affidavit, and filed a motion to stay its response to the subpoena on January 4th, 2019. (Exs. B and F.) Because the Order is ambiguous and ISP substantially complied with it, ISP should not be found in contempt, and Plaintiff's Motion should be denied. Furthermore, Plaintiff's Motion should be denied because he failed to attach an affidavit in accordance with L.R. 37.1.

## APPLICABLE LAW

"The Court . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Any proceeding to adjudicate someone in civil contempt of the court requires an affidavit that "shall set out with particularity the misconduct complained of, the claim, if any, for damages occasioned thereby, and such evidence as to the amount of damages as may be available to the moving party. " L.R. 37.1(a).

To sustain a contempt claim, the Plaintiff has the burden of proving all of the following elements by clear and convincing evidence: (1) the Order ISP allegedly violated is unambiguous; (2) ISP violated the Order; (3) ISP's violation was significant in that it did not substantially comply with the Order; and (4) ISP failed to take steps to reasonably and diligently comply with the Order. *Prima Tek II, L.L.C. v. Klerk's Plastic Indus., B.V.*, 525 F.3d 533, 542 (7th Cir. 2008). For Plaintiff to meet the "clear and convincing" standard, Plaintiff must show that it is "highly probable" that ISP violated the Order. *PrimeSource Bldg. Prod., Inc. v. Felten*, No. 16 CV 11468, 2018 WL 2224818, at *1 (N.D. Ill. Mar. 9, 2018) (citing *United States v. Boos*, 329 F.3d 907, 911 (7th Cir. 2003)). The first element requires that Plaintiff "'point to a decree from the court which set[s] forth in specific detail an unequivocal command which the party in contempt violated.'" *Stotler & Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989) (quoting *Ferrell v. Pierce*, 785 F.2d 1372, 1378 (7th Cir. 1986)).

## ARGUMENT

I. <u>Plaintiff's misrepresentations led to the ambiguous Order.</u>

Plaintiff, without any support, mispresents in his Motion that ISP "did not ask for an extension to quash or respond," and instead "promised to comply with the Plaintiff's subpoena . . . ." (Ex. A ¶¶ 5, 10.) On the contrary, the evidence shows that ISP asked this Court on two separate occasions for an extension of time to respond to Plaintiff's subpoena, and that ISP never "promise[d] to comply" and turn over any documents.

### A. ISP timely requested extensions of time to respond to Plaintiff's subpoena twice and never promised to produce documents.

On Friday, November 16, 2018, Plaintiff issued a subpoena to ISP, and at the same time filed a motion to compel ISP's compliance with that subpoena. (Ex. G.) Plaintiff improperly noticed the motion to compel compliance for Tuesday, November 20, 2018. (Dkt. 14.) Before that hearing date, ISP filed an appearance and a response brief. (Ex. H.)

In its response brief, ISP requested that the Court deny Plaintiff's motion to compel compliance and asked for additional time "for the State Police to **respond** to the subpoena . . . ." (Ex. H at 1.) (emphasis added). For support, ISP cited to Fed. R. Civ. P. 45(d)(2). (Ex. H ¶ 3.) More specifically, ISP stated as follows:

> The Rules afford the State Police time to respond to the subpoena. Fed. R. Civ. P. 45(d)(2)(B). **This response may include objections to what the subpoena is requesting or asserting privilege or both.** Fed. R. Civ. 45(d)(2)(B) and (e)(2). Indeed, on a timely motion, **the State Police may move to quash or modify the subpoena**. Fed. R. Civ. P. 45(d)(3). In any event, the Rules provide the State Police with

  options on how it wants to respond to Rule 45 subpoenas. For these reasons, Plaintiff's Motion is premature.

(Ex. H ¶ 3.) (emphasis added). Plaintiff ignores this and argues in his Motion that "[t]he Illinois State Police did not ask for an extension to quash or respond but to 'comply.'" (Ex. A ¶ 5.) The record simply does not support Plaintiff's assertion. The Court agreed with ISP that Plaintiff's motion to compel was premature, and unequivocally ordered that ISP "shall **respond** to the subpoena by 12/18/2018." (Ex. I.) (emphasis added).

On December 17th, 2018, defense counsel contacted Plaintiff's counsel and asked whether he would agree to stay ISP's response to Plaintiff's subpoena. Plaintiff's counsel insisted on ISP producing the identity of Officer John Doe, any video footage, and the identity of all witnesses immediately. ISP could not agree to this request, as explained in detail in its Motion to Stay. (Ex. B.) With the December 18th deadline to respond to the subpoena imminent, ISP asked the Court to extend its deadline to respond to January 4th, 2019. (Ex. D.)

ISP's motion for an extension of time asked for additional time in order to file a "good faith response" because:

> The subpoena requests a significant amount of sensitive information, including the identities of any witnesses and all police reports and communications. (Ex. 1 at 5–6.) These types of disclosures require assessing the public's safety and government transparency. The importance of these concerns is one that the Office of the Attorney General takes seriously, and as such, it requests a short extension to respond to Plaintiff's subpoena in accordance with its obligations under the Federal Rules of Civil Procedure.

(Ex. D ¶¶ 2–3.) Nowhere in this motion does ISP promise or even suggest that it will produce documents. (*See generally*, Ex. D.) Indeed, Plaintiff's Motion glosses

5

over ISP's second request for time to respond to the subpoena when he states, "[t]hereafter the Illinois State police requested additional time and Plaintiff filed a motion to compel." (Ex. A ¶ 6.) Like many of his factual contentions, Plaintiff fails to cite to the docket or ISP's filings. (*See generally*, Ex. A.) The record does not support Plaintiff's position, and his motion cannot change the narrative.

### B. Plaintiff misrepresents in his Motion to Compel that ISP said it would comply with the subpoena by producing documents.

Plaintiff filed a motion to compel in response to ISP's second motion for an extension, and for the first time, the word "comply" was used. (Ex. E.) In that motion, Plaintiff argued that ISP "requested additional time (till December 18, 2018) to comply with the outstanding subpoena," but this contention is unsupported. (Ex. E ¶ 1.) Similarly, Plaintiff argued that ISP "already promised this Court" it would comply with the subpoena. (Ex. E ¶ 13.) (emphasis in original.) Again, there is no citation to the record to support this contention. *Id*. Plaintiff is attempting to misrepresent in his filings what the record clearly shows: that ISP consistently asked this Court for time to respond (not comply) to Plaintiff's subpoena, and that it never suggested, let alone promised, that it would produce documents. But, because Plaintiff's motion to compel was pending at the same time as ISP's motion for an extension of time to respond to Plaintiff's subpoena, the Court entered an ambiguous order addressing both motions.

## II. The January 2nd, 2019, Order is ambiguous.

On January 2nd, 2019, the Court entered an order granting ISP's motion for an extension of time to January 4, 2019, to respond to the subpoena. (Ex. C.) In the

same order, it also granted, in part, Plaintiff's motion to compel ISP to produce documents in response to the subpoena by January 4th, 2019. (Ex. C.) This Order is ambiguous because ISP cannot possibly respond to the subpoena by objecting, asserting a privilege, or moving to quash or modify the subpoena, and simultaneously produce the documents Plaintiff seeks. (Ex. C.) Because the Court granted ISP's motion for an extension of time to respond to Plaintiff's subpoena by January 4th, 2019, ISP responded on that date in good faith, by filing a Motion to Stay its Response to Plaintiff's Subpoena and serving Plaintiff with a corresponding letter. (Exs. B and F.)

### III. ISP substantially complied with the Court's Order.

ISP substantially complied with the Court's Order, as ISP understood it, in good faith when it filed its Motion to Stay, which asserts the law enforcement investigative privilege and asks the Court to stay ISP's response to Plaintiff's subpoena. (Exs. B and F.) In support, ISP cites the Seventh Circuit's strong presumption against lifting this privilege. *Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122, 1125 (7th Cir. 1997); (Ex. B at 3.) In *Dellwood Farms*, the Seventh Circuit stated that a "victim of a crime cannot force the government to prosecute the criminal; equally he cannot say to the government, 'Speed up your investigation, or get out of the way, because I want to seek a civil remedy.'" *Id*. Plaintiff disregards ISP's Motion to Stay altogether, and instead files this Motion for Sanctions, which is wholly unsupported by the record. (Ex. A.)

7

### IV.     Plaintiff failed to comply with L.R. 37.1(a)

Plaintiff failed to comply with L.R. 37.1(a) when he did not attach the necessary affidavit to proceed with civil contempt proceedings. Under the Local Rules regarding civil contempt, Plaintiff was required to attach an affidavit to his Motion that "set out with particularity the misconduct complained of, the claim, if any, for damages occasioned thereby, and such evidence as to the amount of damages as may be available to the moving party. " L.R. 37.1(a). Here, Plaintiff failed to follow this Local Rule. (*See generally*, Ex. A.) For this reason alone, Plaintiff's Motion should be denied.

### CONCLUSION

Plaintiff's Motion is devoid of evidence that ISP "promised to comply" with his subpoena. (*See generally*, Ex. A.) This Motion, along with Plaintiff's motion to compel, are merely an attempt to deflect ISP's straightforward, good faith efforts to acquire more time to evaluate its options under Fed. R. Civ. P. 45 and respond to Plaintiff's subpoena. Plaintiff does this in hopes that the Court will enter an order forcing ISP to turn over documents and without addressing the law enforcement investigative privilege. Plaintiff counsel's misdirection resulted in the ambiguous Order, which permitted ISP to respond to the subpoena, but also (according to Plaintiff) required it to produce records. ISP acted in good faith and substantially complied with the Order to the extent it could without waiving its privileges or objections as allowed under Fed. R. Civ. P. 45, and the Order's ambiguity is an adequate excuse for any alleged noncompliance.

WHEREFORE, non–party, ISP requests that this Honorable Court deny Plaintiff's Motion for Sanctions (Ex. A), and for any other relief this Court deems just and reasonable.

Dated: January 29, 2019

KWAME RAOUL
Attorney General of Illinois

Respectfully submitted,

*/s/ Michael C. Stephenson*
Michael C. Stephenson
Office of the Illinois Attorney General
General Law Bureau
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-4752
MStephenson@atg.state.il.us

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on January 29, 2019, he electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Michael C. Stephenson*